IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,074





 

EX PARTE VALDEMAR ZAPATA, Applicant






ON APPLICATION FOR WRIT OF HABEAS CORPUS 

CAUSE NUMBER 2003-CR-0866 IN THE 144TH JUDICIAL 

DISTRICT COURT BEXAR COUNTY 





 Per Curiam.


 


O P I N I O N



 This is an application for a writ of habeas corpus which was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Article 11.07, Section 3 of the
Texas Code of Criminal Procedure. Ex parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App.
1967). Applicant was convicted of burglary of a habitation with intent to aggravated assault,
a first-degree felony offense. Applicant's sentence was assessed at ten years' confinement. 
Applicant did not perfect an appeal.

 In the instant application, Applicant contends that he was denied his right to appeal
because his trial counsel failed to timely file a notice of appeal following the trial court's
denial of his motion for a new trial. 

 The trial court has found that Applicant is entitled to an out-of-time appeal. We agree. 
Applicant is granted the opportunity to file an out-of-time appeal from his conviction in
sentence in cause number 2003-CR-0866 from the 144th Judicial District Court of Bexar
County, Texas. Applicant is ordered returned to that point in time at which he may give a
written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful
appeal. For purposes of the Texas Rules of Appellate Procedure, all time limits shall be
calculated as if the sentence had been imposed on the date that the mandate of this Court
issues. We hold that should Applicant desire to prosecute an appeal, he must take affirmative
steps to see that a written notice of appeal is given within thirty days after the mandate of this
Court has issued.

 


DELIVERED: January 26, 2005

DO NOT PUBLISH